IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| Alleged partnership of PHILLIP | ) | Case No. 04-04184 |
| ASHBAUGH and DAVID LEO | ) | |
| HALL, d/b/a MERIDIAN DRY | ) | |
| CLEANERS, | ) | |
| | ) | |
| Debtor. | ) | MEMORANDUM OF DECISION |
| | ) | |
| _____ | ) | |

**INTRODUCTION**

Before the Court is a motion for relief from stay under § 362(d). Following a preliminary hearing on December 22, 2004, *see* § 362(e), the Court took the motion under advisement, but scheduled a final hearing for January 20, 2005, in the event such a hearing was necessary. *See* Doc. No. 13. The Court concludes that factual issues preclude a determination on the merits of the motion at this time, and such factual issues must be resolved *via* a § 362(e) final hearing.[1]

---

[1] In a separate Decision issued in this case, the Court concludes that Debtor's chosen lawyers are not qualified for employment under § 327(a) of the Code. It is not clear that the January 20 hearing will be able to proceed as scheduled. Whether it can depends on Debtor's response to that ruling and the engagement of substitute counsel. If the parties are not able to proceed on January 20, depending on the circumstances presented, the Court could exercise its discretion under § 362(e) and Fed. R. Bankr. P. 4001 to extend the 30 day time within which the final hearing must be concluded.

MEMORANDUM OF DECISION - 1

**BACKGROUND AND FACTS**

The "Alleged partnership of Phillip Ashbaugh and David Leo Hall, d/b/a Meridian Dry Cleaners" (hereafter "Debtor"), filed a voluntary chapter 11 petition for relief on November 22, 2004, commencing the instant case. Doc. No. 1. Debtor claims to own certain real property in Meridian, Idaho, on which the dry cleaning business is conducted. Doc. No. 4 at schedule A (claiming a fee simple ownership interest in real property located at 1505 N. Main St., Meridian, Idaho, worth $230,000.00). Debtor's schedules list creditor Jerry Mortensen as holding a $105,000.00 claim secured by that real property. *Id.* at schedule D.

On November 30, 2004, Jerry and Lorraine Mortensen filed a motion for relief from the automatic stay of § 362(a). Doc. No. 2. In their motion, the Mortensens alleged that they sold the property in January, 1996 "to David Leo Hall and Phillip Ashbaugh, individually, as tenants in common." *Id.* at 1. The $121,500.00 note for the unpaid balance of the purchase price is signed by Hall and Ashbaugh individually. *Id.* at Ex. B. The warranty deed to the property conveys title to "D. Leo Hall and Phillip Ashbaugh" and the deed of trust securing the Mortensens similarly referred to the two individuals by name, and is signed and acknowledged in that form. *Id.* at Exs. A, C.

MEMORANDUM OF DECISION - 2

The Mortensens note that Hall previously filed a chapter 13 (later converted to chapter 11) case, Case No. 03-02882.[2] The Mortensens obtained stay relief in that case and instituted nonjudicial foreclosure proceeding on the deed of trust. A trustee's sale, set for November 23, was stayed by Debtor's filing.

The Mortensens argue that there is no Debtor partnership under Idaho law and, further, that even if there were, the real property at issue is not partnership property. Doc. No. 2 at 3-4. Debtor responds that the partnership exists in fact and in law, and that the real property is an asset of that partnership, not the individual partners. Doc. No. 11 at 2; Doc. No. 15 at 2-4.

Debtor does not dispute that the partnership, if it existed, was without a written partnership agreement. Nor does Debtor disagree with the idea that (a) Hall's bankruptcy filing and/or (b) Ashbaugh's death caused the "dissociation" of those partners. *See* Idaho Code § 53-3-601(6)(i) and (7)(i). Debtor argues, though, that the state court case[3] is necessary to wind up the dissolved partnership, and that the character of partnership property is not affected until that process concludes. Doc. No. 15 at 5.

---

[2] The Court takes judicial notice of its files and records in that case, and in the instant case. Fed. R. Evid. 201.

[3] The parties agree a state court action relative to winding up the partnership pends though is stayed. As discussed a little more fully in the Court's other Decision in this case, Ashbaugh passed away, and his estate (through personal representative Jennifer Miller) is asserting his partner interests. Miller sought and obtained stay relief in Hall's prior bankruptcy in order to commence that state court action. *See* Case No. 03-02882 at Doc. Nos. 65-67, 87.

MEMORANDUM OF DECISION - 3

**DISCUSSION AND DISPOSITION**

If the Meridian real property is property of Debtor's estate under § 541(a), stay relief would not appear to be appropriate on the state of this record. Debtor asserts a substantial equity cushion in the property that protects the Mortensens' interest. *See* Doc. No. 4 at schedule D (value of $230,000.00 and debt of $105,000.00).[4] Debtor also asserts a need for the property in reorganizing its financial affairs.[5]

While the Mortensens note the long time that has passed since the last payment on the indebtedness, Doc. No. 2 at 2, their motion fails to set forth the value of the property as LBR 4001.2(b)(4) requires. And the Mortensens made no representation at the preliminary hearing to the effect that there was an absence of equity in the property. Instead, the Mortensens' arguments were directed to the idea that Debtor had no legal interest in the property.

It therefore seems, on the pleadings and preliminary hearing representations,[6] that there is an equity cushion protecting the Mortensens,

---

[4] Debtor also notes that this Court found the value of the property to exceed $225,000.00 in Hall's earlier case. *See* Case No. 03-02882 at Doc. No. 26 (minute entry). Although not binding in later cases, or even in different contexts in the same case, *see* § 506(a), this provides some support for Debtor's claimed value.

[5] Debtor's submissions to date indicate a desire to market and sell the property, pay the Mortensens in full, and pay all other creditors from the excess proceeds. Debtor's schedules list less than $50,000.00 owed to creditors other than the Mortensens. Doc. No. 4.

[6] *See* LBR 4001.2(3)(2) (addressing preliminary hearing procedures).

MEMORANDUM OF DECISION - 4

§ 362(d)(1), and equity in the property as well as a need for the property for an effective reorganization, § 362(d)(2)(A), (B).

On the other hand, if it is established that the property is not property of the partnership, and thus not property of this Debtor's bankruptcy estate, stay relief would be appropriate.

Upon preliminary review, the Court concludes that the resolution of the property characterization issue turns on facts that have not been established before this Court.[7] Thus, resolution of the motion at this time and without final hearing would be improper.

Both parties direct the Court's attention to Idaho Code § 53-3-204. That section provides:

> **53-3-204.  When property is partnership property.** – (a) Property is partnership property if acquired in the name of:
> (1) The partnership; or
> (2) One (1) or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership but without an indication of the name of the partnership.
> (b) Property is acquired in the name of the partnership by a transfer to:
> (1) The partnership in its name; or
> (2) One (1) or more partners in their capacity as partners in the partnership, if the name of the partnership is indicated in the instrument transferring title to the property.
> (c) Property is presumed to be partnership property if purchased with partnership assets, even if not acquired in the name of the

---

[7] No proof has been provided that any of the relevant factual disputes have as yet been adjudicated in state court, nor have the parties raised any issue preclusion arguments.

MEMORANDUM OF DECISION - 5

>   partnership or of one (1) or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership.
>
>   (d)  Property acquired in the name of one (1) or more of the partners, without an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership and without use of partnership assets, is presumed to be separate property, even if used for partnership purposes.

Idaho Code § 53-3-204.

The documents attached to the motion, which Debtor has not disputed are the operative documents, show no partnership by name or otherwise; nor do they show that either Hall or Ashbaugh acted in the capacity of a partner. Idaho Code § 53-3-204(a) and (b) therefore appear inapplicable.

Idaho Code § 53-3-204(d) on its face creates a presumption as to separate property status. The Official Comment elaborates:

>   Ultimately, it is the intention of the partners that controls whether property belongs to the partnership or to one or more of the partners in their individual capacities, at least as among the partners themselves. RUPA [the "Revised Uniform Partnership Act"] sets forth two rebuttable presumptions that apply when the partners have failed to express their intent.
>
>   First, under subsection (c), property purchased with partnership funds is presumed to be partnership property, notwithstanding the name in which title is held. The presumption is intended to apply if partnership credit is used to obtain financing, as well as the use of partnership cash or property for payment. . . .
>
>   . . .
>
>   Second, under subsection (d), property acquired in the name of one or more of the partners, without an indication of their capacity as

MEMORANDUM OF DECISION - 6

> partners and without use of partnership funds or credit, is presumed to be the partners' separate property, even if used for partnership purposes. In effect, it is presumed in that case that only the use of the property is contributed to the partnership.

Idaho Code § 53-3-204 cmt. at ¶ 3.

The formation of the partnership has yet to be established before this Court. Similarly, the intentions of the putative partners, and the source and nature of the funds used in the acquisition of the real property, are likewise unproven.[8]

**CONCLUSION**

The presence of unresolved issues of fact requires a final hearing under § 362(e), Rule 4001, and LBR 4001.2. The hearing on January 20 shall remain on calendar, subject to a seasonable and adequately supported request for extension of the 30-day time period for conclusion of the final hearing, given the Court's ruling regarding the ineligibility of Debtor's chosen counsel under § 327(a).

DATED: **January 6, 2005**



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[8] There may be other factual matters relevant to the § 362(d) issues, and the Court, by its identification of some, does not intend to restrict the parties' presentation of their cases.

MEMORANDUM OF DECISION - 7